**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:11-CR-140-JVB-PRC |
| | ) | |
| GARRETT DAVARRASS SMITH, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on an Emergency Motion to Reduce Sentence [DE 116],

filed by Defendant Garrett Smith, *pro se*, on September 21, 2020. The Government responded on

September 30, 2020. For the reasons below, the Court denies the motion.

## BACKGROUND

On September 22, 2011, an Indictment was filed charging Defendant with three counts of

possession with intent to contribute a controlled substance. Defendant was arrested on September

29, 2011, pursuant to an arrest warrant. He was held without bond pending trial.

On April 6, 2012, Defendant pled guilty to one of the counts against him pursuant to a plea

agreement. At the October 1, 2012, sentencing hearing, the Court dismissed the remaining counts,

and sentenced Defendant to a total of 168 months imprisonment and four years of supervised

release. Defendant is currently confined at the Federal Correctional Facility in Fort Dix, New

Jersey (FCI-Fort Dix).

On September 21, 2020, Defendant filed the instant motion, asking to be released from

prison is light of the COVID-19 pandemic and his asthma, pre-diabetes, high BMI, and high

cholesterol. The Court referred the motion to the Federal Community Defenders Office to consider

whether to file a supplemental brief in support of Defendant's motion. The office declined to do so. The Government filed a response on September 30, 2020.

## ANALYSIS

Under 18 U.S.C. § 3582(c)(1)(A), the Court can grant a defendant's motion for compassionate release if the defendant complied with the administrative exhaustion requirement and the Court, having considered the factors found at 18 U.S.C. § 3553(a) as applicable, finds that extraordinary and compelling reasons warrant compassionate release and that compassionate release is consistent with the United States Sentencing Commission's applicable policy statements.

### A.  Administrative Exhaustion

Although Defendant states that he complied with the administrative exhaustion requirement, the Government argues that he did not. This requirement is satisfied "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582 (c)(1)(A). Defendant made a written request for compassionate release on July 8, 2020. *See* Resp. Ex. 1 [DE 121] at 3. On July 20, 2020, FCI-Fort Dix issued a response stating that Defendant's request "could not be considered" because it did not identify a "specific category" of extraordinary or compelling circumstances from the list provided on the request form. *See* Mot. Ex. 5 [DE 116-1] at 21. Defendant appealed the decision, and the warden issued a response on August 20, 2020, denying the appeal for the same reasons. *See id*. at 19-20. Although it was denied as deficient, there is no dispute that Defendant made a formal request seeking compassionate release or that the warden received the request. Because 30 days have elapsed since receipt of the request, Defendant has satisfied the exhaustion requirement, regardless of his failure to re-submit the request or further

2

appeal its denial. *See United States v. Kelly*, No. 2:13-CR-79-JTM, 2020 WL 5887641, at *2 (N.D. Ind. Oct. 5, 2020) ("The Government and Lilly agree that on May 15, 2020, Lilly sent a request for compassionate release to the warden of his prison, and on May 27, 2020, his request was denied. Accordingly, Lilly exhausted his administrative remedies before filing his motion [on June 26, 2020].") (citations omitted); *United States v. Dominguez*, No. 1:16-CR-35-HAB, 2020 WL 5700742, at *1 (N.D. Ind. Sept. 24, 2020) ("The Government concedes that Defendant requested release from his warden, that the request was denied, and that more than thirty days have elapsed since the denial. Therefore, the Court finds that administrative remedies have been exhausted in this case."); *United States v. Pena*, No. 2:15-CR-72-PPS, 2020 WL 3264113, at *2 (N.D. Ind. June 17, 2020) ("Pena requested release by the BOP and on April 27, 2020, the warden denied the request . . . . Consequently, it seems that Pena has met the exhaustion requirement.").

## B.   Extraordinary and Compelling Reasons

Congress tasked the Sentencing Commission with promulgating a policy statement on § 3582(c)(1)(A) and the definition of "extraordinary and compelling reasons." 28 U.S.C. § 994(t). The policy statement, found in the application notes to § 1B1.13 of the United States Sentencing Guidelines Manual, provides, as is relevant here, that a defendant's medical condition is an extraordinary and compelling reason when the defendant's serious physical or medical condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility" and the defendant is not expected to recover from the condition. U.S. Sentencing Guidelines Manual § 1B1.13 cmt. 1.[1]

---

[1] The policy statement does not reflect the First Step Act's change to § 3582(c)(1)(A), which now permits a defendant to bring a motion for compassionate release.

Defendant identifies asthma, pre-diabetes, high cholesterol, and high BMI for the Court to consider in deciding whether to grant Defendant compassionate release.[2] Defendant's medical records indicate that he has each of these conditions, and that he has been prescribed an inhaler for asthma. As of June 10, 2020, he has been advised to use the inhaler as needed to prevent or relieve an asthma attack, and to exercise and make changes in his diet to address the other conditions. *See* Resp. Ex. 2 [DE 161] at 12, 15, 26.

Asthma, diabetes, and obesity can lead to higher risk for severe illness from COVID-19, *see* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited October 6, 2020).[3] However, Defendant's medical records do not show that he has experienced particularly severe symptoms, required aggressive treatment, or would be unable to provide self-care at the correctional facility. For example, although Defendant has a high BMI, it was recently recorded as 25.4 – just above the "normal" range of 18.5-25 and well below the range of 30 and above (labelled "obese"). *See* Resp. Ex. 2 at 24; https://www.cdc.gov/obesity/adult/defining.html (last visited October 6, 2020). It is not apparent that his conditions are so severe that they are "extraordinary and compelling" reasons for release. *See United States v. Cheek*, No. 2:18-CR-91-PPS, 2020 WL 3496885, at *2 (N.D. Ind. June 29, 2020) (denying request for release where "it seems that the BOP has been able to manage and treat Cheek's asthma to date. . . . There is nothing about Cheek's asthma [ ] which would constitute an extraordinary or compelling reason to reduce Cheek's sentence."); *United States v. Santiago*, No.

---

[2] Defendant argues that another circumstance weighing in favor of release is that he was wrongly determined to be a career offender. The Court addressed this argument in its order denying his petition to vacate his sentence pursuant to 28 U.S.C. § 2255. *See* April 1, 2019 Order [DE 92].

[3] High cholesterol, by itself, is not explicitly listed by the CDC as producing a higher risk for severe illness.

2:16-CR-174-JVB-JEM, 2020 WL 3396899 (N.D. Ind. June 19, 2020) (denying request for release despite allegations of hypertension, high cholesterol, diabetes, obesity, and childhood asthma).

Defendant argues that because he is incarcerated, he faces an increased risk for contracting COVID-19. The Court does not take this concern lightly. Of the 2,579 inmates at FCI-Fort Dix, the BOP reports 3 active cases of COVID-19 among inmates, and none among staff, while 35 inmates and 6 staff members are listed as having "recovered," with no deaths attributed to the virus. *See* https://www.bop.gov/coronavirus/ (last visited October 6, 2020). However, the risk also exists outside of prison. Defendant states that if released, he would live in Indianapolis with his mother. The Indiana Department of Public Health reports that in Marion County, roughly 2.32 percent of the population has been infected with COVID-19. *See* https://www.coronavirus.in.gov/2393.htm (last visited October 6, 2020).  Defendant also points to family circumstances that he hopes would warrant his release, namely that he wants to help take care of his four children, and of his mother, who recently had a stroke. While the Court is sympathetic to these concerns, they are "not the type of family circumstances that amount to an extraordinary and compelling reason for compassionate release." *See United States v. Root*, No. 1:11-CR-69-HAB, 2020 WL 4783635, at *3 (N.D. Ind. Aug. 18, 2020).

Under the circumstances, the Court cannot say that Defendant's medical conditions and the present COVID-19 pandemic provide an extraordinary and compelling reason to warrant compassionate release and must deny the motion. In so doing, however, the Court

> do[es] not mean to minimize the risks that COVID-19 poses in the federal prison system . . . . But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering [the Bureau of Prisons'] statutory role, and its extensive and professional efforts to curtail the virus's spread.

*United States v. Raia*, 954 F.3 594, 597 (3d Cir. 2020).

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** the Emergency Motion to Reduce Sentence [DE 116].

SO ORDERED on October 8, 2020.

s/Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT